IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

| | |
|---|---|
| IVAN MCMILLAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: |
| COUNTRY COVE, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

COMES NOW the Plaintiff, IVAN MCMILLAN ("PLAINTIFF"), and files this Complaint against DEFENDANT, COUNTRY COVE, LLC ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violation of the Fair Labor Standards Act ("FLSA") and breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Stuart, Florida, which provided property management services in the Southern District of Florida, and PLAINTIFF performed work for DEFENDANT in Fort Pierce, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide property management services.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around February 16, 2020, DEFENDANT hired PLAINTIFF as a maintenance worker at a rate of pay of $19 per hour. He continued in that capacity until DEFENDANT terminated his employment on or about March 2, 2021.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Throughout his employment as a maintenance worker, PLAINTIFF worked approximately 45 hours per week, but was not paid overtime. In addition,

DEFENDNANT required PLAINTIFF to be on call 24 hours a day, seven days per week when he was not working.

13. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week. Instead, DEFENDANT would offer PLAINTIFF comp time for his overtime hours.

14. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used materials, which have moved in interstate commerce.

17. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

18. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

19. During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week.

20. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

21. DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

22. DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and knowing violation of the Act.

23. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

24. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of one and one-half times his agreed hourly rate for the overtime hours he worked, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

25. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

**COUNT II**
**BREACH OF CONTRACT**

26. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

27. PLAINTIFF and DEFENDANT entered into an agreement pursuant to which PLAINTIFF was to be paid $13 per hour for each hour he worked.

28. PLAINTIFF performed as agreed pursuant to his agreement with DEFENDANT, but DEFENDANT breached the agreement by not paying PLAINTIFF for all the time he worked. This included failing to pay him for the hours he worked beyond 40 hours per week, failing to pay him for his on call time and by not paying him his final paycheck.

29. As a result of DEFENDANT'S failure to pay PLAINTIFF properly, he has suffered delay in receipt of her wages and has been required to retain an attorney to help get his pay and DEFENDANT is required to pay PLAINTIFF'S attorney's fees pursuant to Florida Statute.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover unpaid wages and commissions, nominal relief, pre- and post-judgment interest, attorney fees, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## FLSA-RETALIATION

30. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

31. PLAINTIFF complained to DEFENDANT that he was not getting paid what he was owed.

32. In or around March 2, 2021, DEFENDANT terminated PLAINTIFF'S employment. Upon information and belief, this decision to discharge PLAINTIFF was based at least in part on PLAINTIFF requesting DEFENDANT pay him what he was owed.

33. As a result of his termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

34. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

35. Upon information and belief, DEFENDANT employs and at the time of PLAINTIFF'S termination, employed within a 75 miles radius, 50 or more employees for each working day, during each of 20 or more workweeks per year/year prior.

36. In March 2021, PLAINTIFF advised DEFENDANT as soon as practicable that his minor son suffered from a serious health condition, namely a situation for which his son required emergency medical care, hospitalization and follow-up treatment including medications.

37. When PLAINTIFF attempted to return to work, DEFENDANT claimed that PLAINTIFF quit his job by failing to work the day he was taking care of his son.

38. DEFENDANT interfered with PLAINTIFF'S right to take unpaid leave from work under the Family and Medical Leave Act and/or retaliated against him for doing so.

39. PLAINTIFF'S son had a "serious health condition," namely an injury, impairment or mental condition that involved inpatient care in a hospital or other care facility, and continuing treatment by a health care provider.

40. PLAINTIFF gave appropriate notice of his need to be absent from work by notifying DEFENDANT as soon as practicable after he learned of the need for leave.

41. DEFENDANT retaliated against or otherwise interfered with the exercise of PLAINTIFF'S right to unpaid leave, *inter alia*, by: 1) terminating his employment; 2) refusing to allow PLAINTIFF to return to his job, or to an equivalent position, upon return from leave; and 3) failing to advise PLAINTIFF of his right to unpaid leave under the Family and Medical Leave Act.

42. Upon information and belief, DEFENDANT deliberately chose to avoid researching whether its conduct violated the FMLA or affirmatively evaded the law.

43. DEFENDANT'S violation of the FMLA was willful.

44. As the actual, proximate, and legal result of that violation, PLAINTIFF suffered significant economic harm, including lost wages and benefits.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, injunctive relief in the form of reinstatement to his former position, liquidated damages, pre- and post-judgment interest, attorney fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FMLA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: March 26, 2021

>Respectfully submitted,
>
>**THE LAW OFFICE OF MATTHEW BIRK**
>
>**/s/ Matthew W. Birk**
>**Matthew W. Birk**
>Florida Bar No.: 92265
>309 NE 1st Street
>Gainesville, FL 32601
>(352) 244-2069
>(352) 372-3464 FAX
>mbirk@gainesvilleemploymentlaw.com
>ATTORNEYS FOR PLAINTIFF